UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x



IRONSHORE INSURANCE LTD.,

        Plaintiff,

-v-                                            No. 11 Civ. 05954 (LTS) (JCF)

WESTERN ASSET MANAGEMENT
COMPANY,

        Defendant.

-------------------------------------------------------x

<u>ORDER</u>

        Defendant Western Asset Management ("Western") has moved for certification for an interlocutory appeal of the Court's May 30, 2012, Memorandum Order, which held that an investment manager is not a "professional" for the purposes of Rule 214(6) of New York's Civil Practice Law and Rules (the "CPLR"). For the following reasons, the motion is denied.

        CPLR 214(6) provides that a three-year statute of limitations period applies to non-medical malpractice claims. CPLR 214(6). In <u>Chase Scientific Research, Inc. v. NIA Group, Inc.</u>, the New York Court of Appeals explained that CPLR 214(6) applies only to professionals and that a "professional" is one whose work is characterized by, among other things, "extensive formal learning and training" as is required of lawyers, doctors, engineers and architects. <u>Chase Scientific Research, Inc. v. NIA Group, Inc.</u>, 96 N.Y.2d 20, 29 (N.Y. 2001). This Court, in its May 30, 2012, Memorandum Order, found that, although some of Western's employees may have had advanced education, their work managing plaintiff's portfolio did not require the same degree of advanced training required of lawyers, doctors, engineers and

architects and, therefore, plaintiff's claims against Western are not governed by the three-year limitations period. (May 30, 2012, Memorandum Order, docket entry no. 30.) Instead a six-year period governs. (Id.) Western seeks certification of that decision for an interlocutory appeal.

The general rule in federal courts is that appeals lie only from final decisions of district courts, and only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). Title 28 of the United States Code permits certification of an order for an interlocutory appeal:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

28 U.S.C.A. § 1292(b) (West 2006).

Here, the Court finds, and Plaintiff concedes, that the May 30, 2012, Memorandum Order involved a controlling question of law and that an immediate appeal may materially advance the ultimate termination of this litigation, as a reversal of the May 30 Memorandum Order would almost certainly require the dismissal of the complaint. The key dispute for the purposes of the instant motion is, therefore, whether a "substantial ground for difference of opinion" exists regarding the Court's decision.

"A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion." Quinn v. Altria Group, Inc., 07 Civ. 8783, 2008 WL 3518462, *3 (S.D.N.Y. Aug. 1, 2008) (citation omitted). Western has not proffered, and this Court has been unable to find, any decision by a court in this circuit that is directly on point and

reaches a conclusion different from the Court's conclusion in its May 30 Memorandum Order. Although Western has cited a few cases with analogous issues and presented a colorable argument based on those cases, a colorable argument does not constitute "substantial grounds for difference of opinion." As Western has not demonstrate a substantial ground for difference of opinion, the motion for certification of the May 30 Memorandum Order for an interlocutory appeal is hereby denied.

        This Order resolves docket entry number 32.

        SO ORDERED.

Dated: New York, New York
      July 31, 2012

                                              LAURA TAYLOR SWAIN
                                              United States District Judge